IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DARRELL BUTLER** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Civil No. PJM 07-3431 |
| | * | |
| **GIANT FOOD, Inc.** | * | |
| | * | |
| **Defendant** | * | |

## OPINION

Plaintiff Darrell Butler has sued Defendant Giant Food, Inc., alleging race discrimination in violation of Title VII, Article 49B of the Maryland Code, and Article II, Subtitle 2, Division 12 of the Prince George's County, Maryland Code (PGCC). He alleges that Giant discriminated against him by failing to promote him to a full-time meat cutter position between March 2003 and November 2007. Giant has filed a Motion to Dismiss, arguing that Butler has failed to exhaust his administrative remedies and that his claims are therefore untimely. Despite the fact that the Court advised by letter to Butler's counsel and Butler at their addresses of record to respond to the Motion to Dismiss,[1] no opposition to the Motion has been filed.

Having considered Giant's arguments for dismissal, the Court **GRANTS** its Motion to Dismiss.

**I.**

---

[1] Giant filed its Motion to Dismiss on February 26, 2008, and Butler's response was due March 14, 2008. On May 2, 2008, after Butler's counsel had failed to respond to the Court's inquiries regarding his lack of a response, the Court issued an informal Letter Order to Butler's counsel, Raymond Jermone Vanzego, Jr. (copy to Butler) giving him ten days to respond before the Court would proceed to consider Giant's Motion to Dismiss.

Butler, an African American, was hired by Giant as a Gourmet Counterperson in June 1995 and became a part-time meat cutter after completing meat cutter training in 1999. He claims that as of March 2006, he was eligible for but did not receive a promotion to full-time meat cutter. On February 21, 2007, Butler filed a formal charge of discrimination with the EEOC, claiming racial discrimination as the reason for the non-promotion, and on September 25, 2007, he received his right to sue letter. On December 21, 2007, Butler filed the present suit, broadening his claims beyond his EEOC charge to include seven instances of non-promotion over a five year period, albeit without specifying any dates of the alleged non-promotions other than March 2006. Butler asserts that Giant engaged in a pattern of promoting less qualified white and Hispanic applicants and that he was subjected to racial discrimination by being assigned the duties of a full time meat cutter without commensurate compensation.

## II.

In support of its Motion to Dismiss, Giant's principal argument is that Butler failed to file his claims and exhaust his administrative remedies in a timely manner. Specifically, Giant argues that Butler failed to file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act or acts. Because the last promotion for which Butler was allegedly eligible and denied occurred in March 2006, he was required to file any charge of discrimination with the EEOC by December 26, 2006; in fact, he did not do so until February 21, 2007, beyond the 300 day period. Therefore, Giant says, Butler's March 2006 non-promotion claim is time-barred. Giant submits that all of Butler's other non-promotion claims, apparently having occurred outside the 300 day period, should similarly be dismissed as time-barred. But even if Butler's other discrimination claims could be considered timely, Giant continues, they were not properly raised in his EEOC charge and are

therefore outside the scope of claims that may be brought in this action. Giant continues: Butler failed to separately exhaust his administrative remedies with the Prince George's County Human Rights Commission, thus making futile any claim under the PGCC. Finally, Giant argues that Butler has improperly brought claims of discrimination under statutes that do not provide private causes of action. Any claim that its conduct constituted a pattern or practice of discrimination is foreclosed, argues Giant, because a private litigant may not bring a pattern or practice claim. Butler also lacks a viable claim under Article 49B of the Maryland Code because the actions alleged in his complaint occurred before Article 49B was amended to provide a right of action for private litigants. In sum, Giant argues that Butler's complaint should be dismissed in its entirety.

### III.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In its determination, the court must consider all well-pled allegations in a complaint as true and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir.1999). The court, however, need not accept conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007).

### IV.

The Court agrees with Giant that Butler's claims should be dismissed.

To bring a Title VII claim in federal court, "a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC." *Edelman v. Lynchburg College*, 228 F.3d 503, 506 (4th Cir. 2000). A charging party must file an EEOC charge within 300 days of the alleged unlawful employment action, and if party "fails to comply with this statutorily mandated filing period, alleged discriminatory acts which occurred more than 300 days prior to the filing of the EEOC charge may not be subsequently challenged in a Title VII suit." *Van Slyke v. Northrop Grumman Corp.*, 115 F. Supp.2d 587, 592 (D. Md. 2000). Because Butler filed his claim with the EEOC more than 300 days after his March 2006 termination, that claim is time barred. Because Butler has filed no response contending that his other alleged non-promotion claims were timely filed or reasonably related to the EEOC charge, the Court agrees that those claims should be dismissed as well. *See Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (a Title VII lawsuit following an EEOC charge is limited in scope to claims that are reasonably related to the allegations of the charge and growing out of such allegations).

The Court also agrees with Defendant that Butler's other claims lack merit. The Fourth Circuit, in accord with Giant's contention, has held that a pattern or practice cause of action under Title VII is not available to private, non-class litigants. *See Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 759 (4th Cir. 1998). Butler's discrimination claim under Prince George's County Code Section 2-222 fails because he did not first file a complaint with the Prince George's County Human Rights Commission, as required by Art. 49B § 42(b). *See Rachel-Smith v. FTDATA, Inc.*, 247 F. Supp. 2d 734 (D. Md. 2003) (dismissing plaintiff's sexual harassment claim in violation of the Prince George's County Code where she failed to separately exhaust administrative remedies with

4

the Prince George's County Human Rights Commission). Finally, Butler has no viable claim under Article 49B of the Maryland Code. Prior to October 1, 2007, the Fourth Circuit interpreted that provision as prohibiting litigants from bringing private discrimination complaints. *See Parlato v. Abbott Labs*, 850 F.2d 203, 205 (4th Cir. 1988). Article 49B was amended in April 2007 to permit a private right of action, but that amendment only applies to causes of action arising on or after October 1, 2007. Article 49B §11B(a) (citing 2007 Md. Laws Chapter 177, Section 2 (H.B. 314)). Because March 2006 is the only specific date Butler gives for Giant's discriminatory conduct, any private cause of action against Giant under Article 49B is unfounded.

**V.**

For the foregoing reasons, the Court **GRANTS** Defendant Giant's Motion to Dismiss.

A separate order will ISSUE.

**May 23, 2008**

/s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**